**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHI MING YAU, <br><br> Plaintiff, <br><br> vs. <br><br> HE CHENG RESTAURANT CORP., <br><br> et al., <br><br> Defendants. | Civil No. 12-6754 (MCA) (LDW) <br><br> **OPINION** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon Plaintiff Chi Ming Yau ("Plaintiff") and Defendants He Cheng Restaurant Corp., John Doe, and Jane Doe I to X's ("Defendants'") cross applications to disqualify counsel.[1] The Court heard oral arguments on March 25, 2015. After having considered the parties' submissions, oral arguments, and for the reasons stated below and on the record, both applications to disqualify are **DENIED**.

I. BACKGROUND

On October 26, 2012, Plaintiff commenced this action against the Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201. (Amended Compl., ECF No. 22, ¶ 1). Plaintiff further contends that pursuant to the FLSA and the New Jersey Wage and Hour Law, he is entitled to recover unpaid overtime, liquidated damages, attorneys'

---

[1] While the parties never filed formal cross Motions to Disqualify, this Court will treat their applications as such.

1

fees, and costs. (Id. ¶ ¶ 1, 2). Plaintiff's application to disqualify was filed as a result of Defendants' counsel, Benjamin Xue's ("Xue's"), prior representation of Plaintiff on three prior FLSA actions. (ECF No. 84). Defendants' application is predicated on Plaintiff's previous counsel, Brendan Nolan's ("Nolan's"), motion to withdraw as counsel, (ECF No. 66), which was later withdrawn by Jonathan E. Glaser ("Glaser"), a member of the same firm, the law office of Stephen K. Seung, who continues to represent Plaintiff. (ECF No. 75).

Although the Complaint was filed on October 26, 2012, (ECF No. 1), and Xue filed a Notice of Appearance on November 27, 2012, (ECF No. 5), it appears the potential conflict of his representation was not brought to the Court's attention until November 18, 2013. (See Minute Entry for proceedings held before Magistrate Judge Michael A. Hammer: Miscellaneous Hearing re deposition held on 11/18/2013). On that day, the Court conducted a hearing with the parties via telephone during Plaintiff's deposition, where Nolan alleged that Xue was "'exploiting information adduced from the plaintiff, Chi-Ming Yau, during the course of [Xue's] prior representation' of plaintiff, and [Nolan thereby] requested leave to file a motion to disqualify [Xue's firm]." (ECF No. 59, at 1) (citing Tr. 146:9-12). Specifically, Nolan took issue with Xue's line of questioning "regarding whether or not [Plaintiff] accurately declared his income on his tax returns and his Medicaid applications was an exploitation of confidential information disclosed during the course of the prior representation." (Id.). Following that hearing, the Honorable Michael A. Hammer, U.S.M.J. set the dates by which Plaintiff was to file a motion to disqualify, along with the date for any opposition and/or cross-motion. (ECF No. 55).

Xue contests whether such information constitutes confidential information at all, and further argues,

> Even assuming they are confidential, however, at no time during [Xue's] prior representations did [P]laintiff disclose the information in question. Two of the

> matters settled by agreement with confidentiality provisions before the summons and complaints were filed, and the third was discontinued before an answer was filed. Therefore, no fact discovery was ever conducted in any of [Xue's firm's] prior representations of plaintiff, and the specific information regarding tax reporting and Medicare application was moreover never discussed or disclosed.

(ECF No. 59, at 1). Xue further notes that his office provided Plaintiff with a complete copy of his case files. (Id.).

### a. Plaintiff's Counsel's Motion to Withdraw

In a letter dated February 26, 2014, Nolan indicated that he intended to withdraw as counsel and requested an extension of time to file the motion to disqualify. (ECF No. 62). The case was then reassigned to this Court on March 13, 2014. On April 24, 2014, Nolan moved to withdraw the law office of Stephen K. Seung as Plaintiff's counsel. (ECF No. 66). Nolan noted that withdrawal is authorized pursuant to New Jersey Rule of Professional Conduct 1.16(b), which provides in relevant part, "a lawyer may withdraw from representing a client if: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; . . . (6) . . . has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists." Nolan further explained that he and the Plaintiff "have encountered irreconcilable difference in the prosecution of this action", (ECF No. 66, at 2), which were not disclosed in order to protect attorney-client privilege. (Id. at 4).

A hearing on Plaintiff's motion to withdraw was set for May 21, 2014. (ECF No. 69). For the reasons stated on the record, Plaintiff's counsel's motion for leave to withdraw, (ECF No. 66), was denied without prejudice. (ECF No. 70). Plaintiff's counsel was Ordered to "prepare a declaration detailing the reasons for his request to withdraw" and "confidentially submit both his declaration and his client's response, if any" to Chambers. (Id.). In accordance with this Court's Order, Nolan submitted a confidential declaration explaining why he sought to be relieved as

3

counsel, along with his client's response. A hearing for plaintiff's motion to withdraw was set for October 8, 2014. (ECF No. 73). On September 29, 2014, however, Glaser, also from the law office of Stephen K. Seung, filed a notice of appearance on Plaintiff's behalf. (ECF No. 74). Glaser then moved to withdraw Nolan's application to be relieved as counsel and sought to continue representing Plaintiff. (ECF No. 75). On October 1, 2014, this Court granted Glaser's request and the pending motion, (ECF No. 66), was withdrawn. (ECF No. 76).

Pursuant to his request, this Court permitted Nolan's withdrawal of appearance for the Plaintiff and allowed Glaser, counsel at the same firm, to continue representing Plaintiff. (ECF No. 80). Xue, however, requested that this Court conduct a conference to discuss the law office of Stephen K. Seung's continued representation of Plaintiff following Nolan's motion to withdraw. (ECF No. 79). Xue wrote to the Court requesting that the nature of the "irreconcilable differences" referenced in Nolan's motion to withdraw, (ECF No. 66), be explored in order to determine whether or not Nolan's "withdrawal from this action cures the conflict so as to allow Law Office of Stephen K. Seung to continue representing the Plaintiff." (ECF No. 82, at 2).

### b. **Plaintiff's Motion to Disqualify Defendant's Counsel**

Following a telephone status conference on November 5, 2014, Plaintiff's counsel filed a letter in support of Plaintiff's application to continue representing Plaintiff and moved to disqualify Xue on the grounds that he has represented Plaintiff on three prior FLSA actions. (ECF No. 84, at 1). With regard to Plaintiff's continued representation, Glaser contends that Nolan's request to withdraw as counsel was not material to the instant case. (Id. at 2). In addition to other arguments, Glaser posits that there "are no compelling reasons to require counsel to withdraw from representing the Plaintiff." (Id. at 3).

Glaser also argues that Xue should be disqualified as Defendants' counsel. (Id. at 4-5). Glaser notes that Xue has "represented [P]laintiff in three prior FLSA cases and even consulted with Plaintiff in the instant case" and, therefore, "the danger of Xue using confidential information against Plaintiff is too great to allow him to continue to represent Defendants." (Id. at 4). Ultimately, Glaser accuses Xue of violating New Jersey Rules of Professional Conduct 1.6, 1.9, 1.16, and 8.4.[2] (Id. at 6).

On November 24, 2014, Defendants' counsel opposed, denying Plaintiff's allegations that Xue consulted with Plaintiff regarding this action. (ECF No. 85). Additionally, Xue denies that he exploited any privileged information. (Id. at 1). With regard to Nolan's withdrawal, Xue notes that the "credibility issue" in Nolan's initial motion to withdraw, (ECF No. 66), was never addressed. The issue, therefore, remains outstanding because if Nolan's withdrawal is imputed to Plaintiff's counsel law firm, then the Plaintiff's inability to find substitute counsel is insufficient to prevent withdrawal. (Id. at 2).

Next, Xue argues that Plaintiff has "waived his right to file a motion to disqualify and should not be allow[ed] to file [said motion] two years after the commencement of the case." (Id.). Defendants' counsel notes Plaintiff has waived his right because,

> 1) Plaintiff delayed two years in bringing the motion to disqualify; 2) Plaintiff has known of the undersigned's representation of Defendants since my appearance on their behalf on November 27, 2012; 3) Plaintiff was represented by counsel during the delay; 4) there was no reasonable excuse for the delay; and 5) disqualification would result in significant prejudice to Defendants given the length of this litigation.

(Id. at 3).

---

[2] RPC 8.4(a) states, "[i]t is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another". This Court need not address this Rule specifically, as the remaining Rules, and Xue's compliance of them, are discussed in detail below.

On March 25, 2015, the Court held an in person status conference and a hearing on the parties' cross applications to disqualify. For the reasons stated on the record, this Court denied Defendants' motion to disqualify Plaintiff's counsel. (Tr. 4:16-17). The Court further Ordered Xue to submit a letter confirming that "when requested for the case files by Mr. Yau and/or his attorneys," Mr. Yau signed a waiver and the complete file was turned over. (Tr. 21:3-14). The Court also gave Glaser an opportunity to reply and restate why this Court should consider disqualifying Xue and his firm. (Tr. 21:17-19).

Subsequently, Defendants' counsel submitted a letter on March 26, 2015, confirming that their office had submitted the complete case files as to Xue's prior representations of Plaintiff to Plaintiff's attorney on January 20, 2014, and February 7, 2014. (ECF No. 91, at 1). On April 2, 2015, Glaser submitted a reply, merely restating that "in order for defense counsel to have properly represented [P]laintiff in the three prior action[s], Mr. Xue would have obtained confidential and privileged information that could unfairly prejudice Mr. Yau in the instant case." (ECF No. 92, at 1). Defendants' counsel submitted a letter on April 7, 2015, reiterating the waiver argument in light of the amount of time between when the initial complaint was filed and when the motion to disqualify was first mentioned. (ECF No. 93).

## II.  LEGAL STANDARD

### a. Disqualification

New Jersey courts are the primary authority when applying the Rules of Professional Conduct to controversies. <u>Strategic Envtl. Partners, LLC v. Bucco</u>, No. 13-5032, 2014 WL 6065816, at *2 (D.N.J. Nov. 12, 2014). Local Civil Rule 103.1(a) provides that the Rules of Professional Conduct ("RPC") of the American Bar Association, as revised by the New Jersey

Supreme Court, shall govern the conduct of members of the bar admitted to practice in the District. See L. Civ. R. 103.1(a).

In New Jersey, "[d]isqualification of counsel is a harsh discretionary remedy which must be used sparingly." Cavallaro v. Jamco Prop. Mgmt., 760 A.2d 353, 361 (N.J. Super. Ct. App. Div. 2000). Thus, the movant bears the burden of proving that disqualification is appropriate in light of the RPCs. Id. Motions to disqualify, however, are "viewed with 'disfavor' and disqualification is considered a 'drastic measure, which courts should hesitate to impose except when absolutely necessary.'" Alexander v. Primerica Holdings, Inc., 822 F.Supp. 1099, 1114 (D.N.J. 1993) (quoting Schiessle v. Stephens, 717 F.2d 417, 420 (7th Cir. 1983)).

Further, the Third Circuit has held that "[a]lthough disqualification ordinarily is the result of a finding that a disciplinary rule prohibits an attorney's appearance in a case, disqualification never is automatic." United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980). Moreover, the Third Circuit has observed that "courts should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule." Id. In consideration should be the ends "that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions." Id. Furthermore, "a motion for disqualification calls for [courts] to balance competing interests, weighing the need to maintain the highest standards of the profession against a client's right freely to choose his counsel." Id.

**b. Rule of Professional Conduct 1.6 – Confidentiality**

Confidentially between attorneys and their clients is governed by RPC 1.6. RPC 1.6(a) states, "[a] lawyer shall not reveal information relating to representation of a client unless the client

7

consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b), (c), and (d)." Although, "[d]isclosure of client information is permissible if the client consents after consultation." Id. Further, the protections of the rule encompass "confidentiality to any information relating to the representation of a client." Id. at 614. The Rule governing confidentiality, is therefore, not absolute.

c. **Rule of Professional Conduct 1.9 – Conflicts**

RPC 1.9(a) states "[a] lawyer who has represented a client in a matter shall not thereafter represent another client in the same or substantially related matter in which that client's interests are materially adverse to the interests of the former client." Furthermore, RPC 1.9(c) states,

> A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

If such a conflict exists, that conflict extends to the attorney's firm "unless the prohibition is based on a personal interest of the prohibited [attorney] and does not present a significant risk of materially limiting the representation of the client by the remaining [attorneys] in the firm." RPC 1.10(a).

New Jersey analyzes Rule 1.9 conflicts under a multi-prong test. City of Atl. City v. Trupos, 201 N.J. 447 (2010). In Trupos, the Supreme Court of New Jersey established that, for purposes of RPC 1.9, matters are deemed to be "substantially related" if "(1) the lawyer for whom disqualification is sought received confidential information from the former client that can be used

8

against that client in the subsequent representation of parties adverse to the former client, or 2) facts relevant to the prior representation are both relevant and material to the subsequent representation." Id. at 451-52. The New Jersey Supreme Court reasoned that this standard was adopted because it protected confidentiality while also requiring a fact sensitive inquiry to see if an attorney could proceed against a former client. Id.

In Trupos, the Supreme Court of New Jersey decided the issue of whether a law firm which had previously represented a municipality in defense of tax appeals could later represent residents in their tax appeals against the municipality. Id. at 461. After applying the two-part "substantially related" test, the Supreme Court held that the "individual property owners' real estate tax appeals [were] not substantially related to the law firm's earlier terminated representation of the municipality." Id. at 452.

Although the Supreme Court in Trupos noted that both matters involved the same subject matter of tax assessments, it did not find them substantially related because the first representation involved casinos and large entities while the subsequent matter involved residential tax appeals. Id. at 467-468. Moreover, the Supreme Court found the record "too slender" as to whether counsel had obtained confidential information from the municipality that the firm could later use against it. Id. at 468.

### d. Rule of Professional Conduct 1.16 – Mandatory Withdrawal

RPC 1.16 governs the termination of an attorney-client relationship. Specifically, RPC 1.16(a)(1) states that a lawyer shall withdraw from representing a client "where the representation will result in violation of the Rules of Professional Conduct or other law." In addition, RPC 1.16(b) permits a "lawyer [to] withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if any of the criteria enumerated in

(b)(1)-(6) is met." Id. However, the Rule "provides that withdrawal is entirely within the discretion of the court and a court may refuse to allow withdrawal despite a showing of good cause." Haines v. Liggett Grp., 814 F. Supp. 414, 422 (D.N.J. 1993).

### e. Waiver

In Alexander v. Primerica Holdings, Inc., this Court held that a "[w]aiver is a valid basis for the denial of a motion to disqualify." 822 F. Supp. 1099, 1115 (D.N.J. 1993). In Alexander, the Court listed the factors used in determining if waiver was warranted: "(1) the length of the delay in bringing the motion to disqualify, (2) when the movant learned of the conflict, (3) whether the movant was represented by counsel during the delay, (4) why the delay occurred and (5) whether disqualification would result in prejudice to the non-moving party." Id. at 1115.

The Court also looked to see if the delay in bringing the motion to disqualify was strategic. Id. Ultimately the Court found that a motion seeking disqualification due to a former attorney representing an adversary that was filed three years after the litigation began was untimely. Id. See also Rohm & Haas Co. v. Am. Cyanamid Co., 187 F. Supp. 2d 221, 230 (D.N.J. 2001) (Although a conflict of representation existed, the Court held that the filing of the motion to disqualify after two years and five months was an undue delay that constituted a waiver).

### III. DISCUSSION

Under Trupos and RPC 1.9, in order to successfully disqualify Xue, Plaintiff's counsel must show that Xue's representation of Plaintiff in the prior FLSA matters and the present case are "substantially related." This matter is "substantially related" if: (1) Xue received confidential information from Plaintiff in the prior FLSA actions that can be used against him in this action, or (2) facts relevant to the prior FLSA representations are both relevant and material to the present case. See Trupos, 201 N.J. 447, 451-52 (2010).

Xue argues that Plaintiff failed to prove the elements required by <u>Trupos</u> and RPC 1.9. (ECF No. 85, at 5). Specifically, Xue argues that "Plaintiff's counsel failed to indicate how the prior action and the present action are 'substantially related', and how the confidential information disclosed by Plaintiff in the prior action, if any, is 'both relevant and material' to the present action." (<u>Id.</u>). While Plaintiff's counsel maintains that Xue discussed the present case with Plaintiff, (ECF No. 84), Plaintiff's counsel fails to inform the Court of exactly what information was exchanged between Plaintiff and Defendants' counsel. In fact, Xue maintains that his three representations of Plaintiff were simple, none of which advanced to the discovery phase because two resulted in settlement before the summons and complaint were filed, and one was discontinued before an answer was filed. (ECF No. 59, at 1).

Plaintiff's counsel seems to argue that because Xue represented Plaintiff in three previous FLSA matters, and the present matter is a FLSA case, that in itself is sufficient to deem the prior representation as "substantially related." (ECF No. 84). However, the mere fact that the subject matter is the same is not enough to deem a case "substantially related." See <u>Trupos</u>, 992 A.2d 762. In order to disqualify Xue, Plaintiff's counsel would need to provide this Court with more information as to how the previous FLSA cases and the current matter are substantially related under the test established by <u>Trupos</u>. Plaintiff, however, has failed to provide the Court with that information.

Moreover, it remains unclear to the Court what information Xue has used against Plaintiff during his November 18, 2013 deposition, or what information Xue can use in the future. Xue may have merely been questioning Plaintiff with the same due diligence as any counsel would during a deposition, instead of inquiring into confidential matters learned from earlier representations of Plaintiff. Xue has denied that he had any such information from Plaintiff and

11

Plaintiff has provided no information or affidavit to rebut this denial. The fact that Plaintiff cannot identify <u>any</u> confidential information imparted to or used by Xue confirms Xue's denial of having received any such information.

Additionally, this Court finds that Plaintiff has waived his right to disqualify Xue. The first prong of the five-factor waiver test is the length of delay in bringing the motion to disqualify. <u>Alexander</u>, 822 F. Supp. at 1117. Here, Plaintiff's motion comes over a year after the commencement of this litigation. Plaintiff himself was presumably aware of Xue's representation of Defendants from the outset of the case. (<u>See</u> Tr. 10:21-11:3). This still unexplained length of delay supports the denial of Plaintiff's application to disqualify Xue as a result of a valid waiver.

The second factor to consider is when the movant learned of the conflict. The Complaint was filed on October 26, 2012. (ECF No. 1). Defendants' counsel entered an appearance on November 27, 2012. (ECF No. 5). As a result, Plaintiff, and perhaps his counsel, were presumably aware of the conflict one month after the initiation of this action. On November 18, 2013, over one year later, Plaintiff raised the issue of filing a motion to disqualify for the first time since the inception of the case. (ECF No. 55). While this Court is aware that the disqualification of Xue was triggered by the Plaintiff's deposition on November 18, 2013, that does not alter the time in which Plaintiff and arguably his counsel learned of the conflict. The arguments that Plaintiff now makes to disqualify Xue are the very same arguments Plaintiff could have made to disqualify him at the start of the case, with the exception of the events that unfolded during the deposition. This factor also weighs in favor of finding Plaintiff has waived his right to move to disqualify Xue.

The third factor is whether the movant was represented by counsel during the delay. Plaintiff has been represented by the same firm since the Complaint was filed in October 2012. The fourth factor is why the delay occurred, which remains unclear. Plaintiff has yet to provide

this Court with an explanation as to why it took over a year to move to disqualify Xue. Both the third and fourth factors, therefore, weigh in favor of finding a waiver has occurred.

The final factor is whether disqualification would result in prejudice to the nonmoving party. "When that prejudice would be great, courts have not granted motions to disqualify." Alexander, 822 F. Supp. at 1117. Xue has handled all aspects of this case since its inception in 2012. Disqualifying Defendants' counsel would greatly prejudice Defendants, especially in light of the timing of the application. Ultimately, these five factors weigh in favor of denying Plaintiff's application to disqualify Defendants' counsel, as it appears a waiver has occurred.

This Court's ruling does not preclude Plaintiff from raising the issue of disqualification in the future if Plaintiff can demonstrate to this Court that Defendants' counsel has in some way utilized information that could have only come from his prior representation of Plaintiff. Of course, a finding by this Court that Defendants' counsel exploited such information after expressly having denied the possession of such confidential information will most likely result in extraordinary sanctions.

## IV.   CONCLUSION

For the foregoing reasons and the reasons stated on the record, the cross applications to disqualify are **DENIED**. An appropriate form of Order accompanies this Opinion.


SO ORDERED

_____
JOSEPH A. DICKSON, U.S.M.J.


cc:   Hon. Madeline C. Arleo, U.S.D.J.