Law Offices of Stephen K. Seung
2 Mott Street Suite 601
New York, New York 10013
(212) 732-0030 [L12F025]
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
CHI-MING YAU,

                  Plaintiff,

    -against-

HE CHENG RESTAURANT CORP.,
JIAN XIANG TU, MAY BAO and
"JOHN DOE" and "JANE DOE" I to X,

                  Defendants.
-------------------------------------------------------X

Case No.: 2:12-CV-06754 (JLL/MAH)

SECOND AMENDED COMPLAINT

Jury Trial Demanded

      Plaintiff CHI-MING YAU (hereinafter, "YAU" or "Plaintiff"), by and through his undersigned attorney, hereby files, pursuant to leave of Court, the defendants' consent and Court Rule, this Second Amended Complaint against Defendants HE CHENG RESTAURANT CORP., JIAN XIANG TU, MAY BAO and "JOHN DOE" and "JANE DOE" I to X, fictitious names for persons whose names are unknown to Plaintiff (each individually or collectively, "Defendants"), and states as follows:

### INTRODUCTION

1.    Plaintiff YAU states pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C.A. §§201 et. seq. ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2.  Plaintiff YAU further states that pursuant to the New Jersey Wage and Hour Law, he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C.A. §216(b), 28 U.S.C.A. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.A. §1367.

4.  Venue is proper in the District Court of New Jersey (Newark), pursuant to 28 U.S.C.A. §1391.

## PARTIES

5.  Plaintiff YAU is a resident of Queens County, New York.

6.  Upon information and belief, Defendant HE CHENG RESTAURANT CORP., is a domestic business corporation organized under the laws of New Jersey, doing business under the name of Ayame Hibachi & Sushi Restaurant, located at 526 Washington Street, Hoboken, New Jersey 07030.

7.  Upon information and belief, Defendants "John Doe" and "Jane Doe," I to X are fictitious names for persons whose real names are not known, who individually or collectively:

   a)  Acted as the Chairman, Chief Executive Officer and/or Managing Agent of the corporate Defendant;

   b)  Managed the day to day operations of the corporate Defendant or managed or oversaw its employees;

2

 c) Hired and fired employees, including Plaintiff;

 d) Established wages or issued payment to employees, including Plaintiff;

 e) Was a Manager, Shareholder, or Officer of the corporate defendant;

 f) Exercised control over personnel matters;

 g) Maintained or created employment records;

 h) Established work hours or employee work schedules; and/or

 i) Otherwise acted as, or was an employer of, Plaintiff as defined under the Fair Labor Standards Act and/or the New Jersey Wage and Hour Law.

8. Upon information and belief, Defendants are the Principal(s) of Defendant HE CHENG RESTAURANT CORP., and/or Ayame Hibachi & Sushi Restaurant.

9. Upon information and belief, Jian Xiang Tu is a principal of defendant He Cheng Restaurant Corp. and/or Ayame Hibachi & Sushi Restaurant.

10. Upon information and belief, Jian Xiang Tu is a principal of defendant He Cheng Restaurant Corp. and/or Ayame Hibachi & Sushi Restaurant.

11. Upon information and belief, defendant Jian Xiang Tu is the president of the corporate defendant.

12. Upon information and belief, defendant May Bao is a principal of defendant He Cheng

3

Restaurant Corp and/or Ayame Hibach and Sushi Restaurant.

13. Upon information and belief, defendant May Bao is a corporate officer of the corporate defendant.

14. Defendant May Bao is the manager of He Cheng Restaurant Corp. and/or Ayame Hibachi & Sushi Restaurant.

15. Defendant Jian Xiang Tu, is the sole shareholder of He Cheng Restaurant Corp. and/or Ayame Hibachi & Sushi Restaurant.

16. Plaintiff YAU was employed by Defendants in Hoboken, New Jersey from on or about May 6, 2011 to on or about May 28, 2012. At all relevant times, Defendant HE CHENG RESTAURANT CORP., was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all relevant times, Defendants were and continue to be "employers" within the meaning of the FLSA.

18. At all relevant times, the work performed by Plaintiff YAU was directly essential to the business operated by Defendants.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff

4

YAU, his lawfully earned overtime wages for hours in worked in excess of 40 hours per week, in direct contravention of the FLSA and the New Jersey Wage and Hour Laws.

20. Plaintiff YAU has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

21. On or about May 6, 2011, Plaintiff YAU was hired by Defendant HE CHENG RESTAURANT CORP., and/or their predecessors, as applicable, to work as a restaurant worker/manager for defendants' restaurant with a principal place of business located at 526 Washington Street, Hoboken, New Jersey 07030.

22. Upon information and belief, May Bao made the decision to hire the plaintiff.

23. May Bao came to the restaurant every day from 5:00 P.M. or 6:00 P.M. to closing.

24. At all relevant times defendant May Bao hired and fired the employees of the restaurant.

25. At all relevant times May Bao made all managerial decisions at the restaurant and directed plaintiff to carry out her decisions.

26. Upon information and belief, at all relevant times Defendant May Bao set the work

schedule of the restaurant workers.

27. Upon information and belief, at all relevant times defendant Bao set the pay scale of all employees of the restaurant.

28. YAU worked for Defendants until on or about May 28, 2012.

29. During YAU's employment by Defendants, he worked over forty (40) hours per week.

30. During YAU's employment by Defendants, he often worked over ten (10) hours per day. Defendant HE CHENG RESTAURANT CORP. is a hibachi and sushi restaurant seven days a week, with hours of operation, Sunday through Thursday, 11:30am to 11:00pm, and Friday and Saturday, 11:30am through 11:30pm.

31. Records setting forth the number of hours worked by plaintiff each week and the actual compensation paid to plaintiff are in the possession and custody of defendants, who have, upon information and belief, knowledge of the hours worked and compensation paid even without such records. Plaintiff intends to obtain such records and/or learn such facts by appropriate discovery proceedings and, if necessary, shall then seek leave of Court to amend this pleading to set forth the precise amount due.

32. Nevertheless, plaintiff generally worked six days a week, leaving home about 10:15

6

am each workday and returning home about 11:50 pm, for a total of about 81 hours per week. The travel time to and from work is approximately 80 minutes each day. Plaintiff was off on Mondays. Plaintiff was on duty the entire day and had to be available to work if a customer arrived or called, even while on lunch or dinner "breaks." No other breaks were provided by the employer. Therefore, plaintiff generally worked approximately 81 hours per week, without breaks.

33. Plaintiff was paid $607.79 in cash, and $280.00 by check, for a total of $887.79 on a weekly basis, from on or about May 2, 2011 to on, or about, March 2, 2012, a period of 43.57 weeks.

34. Plaintiff's weekly wage of $887.79, divided by 40 hours, results in an hourly wage of $22.19.

35. Accordingly, Plaintiff is entitled to recover the hourly wage of $22.19, multiplied by a rate of 1.5 for 40 overtime hours, resulting in weekly, overtime earned of $1,331.69 for a period of 43.57 weeks, totaling $58,021.73.

36. Plaintiff was paid $637.79 in cash, and $280.00 by check for a total of $917.79 on a weekly basis, from on or about March 3, 2012 to on, or about May 22, 2012 a period of 11.43 weeks.

37. Plaintiff's weekly wage of $917.79, divided by 40 hours, results in an hourly wage of $22.94.

38. Accordingly, Plaintiff is entitled to recover the hourly wage of $22.94, multiplied by a rate of 1.5, for 40 overtime hours, resulting in weekly overtime earned of $1,376.69, for a period of 11.43 weeks totaling $16,232.71.

39. Plaintiff is entitled to liquidated damages, attorney fees and interest.

40. While plaintiff was paid a fixed amount each week (or each pay period), upon information and belief, defendants improperly took deductions from plaintiff's pay for hours missed or late, and plaintiff was "docked" for time taken off due to personal issues, sickness or medical problems.

41. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New Jersey State overtime rate (of time and one-half).

42. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New Jersey State minimum wage.

43. Plaintiff retained the Law Offices of Stephen K. Seung, to represent him in this litigation and has agreed to pay the firm a reasonable attorney fee for its services.

### STATEMENT OF CLAIM

## COUNT 1

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

44. Plaintiff re-states Paragraphs 1 through 45 of this Second Amended Complaint as if fully set forth herein.

45. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C.A. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C.A. §§ 206(a) and 207(a).

46. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

47. Upon information and belief, at all relevant times, Defendant HE CHENG RESTAURANT CORP., has had gross annual revenues in excess of $ 500,000.00.

48. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty hours per workweek.

49. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum base hours provided for in the FLSA.

9

50. The FLSA requires employers to maintain in the workplace a display containing notices of employee rights to receive the minimum wage and overtime at a rate of one-and-one-half their regular rate. 29 C.F.R. §516.4; N.J.S.A. §34:11-4-6.

51. Upon information and belief, at all times relevant to this action, and during the course of Plaintiff's employment and while Defendants employed Plaintiff, Defendants willfully failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employees' rights concerning the minimum wage and overtime pay as required under the FLSA and New Jersey laws.

52. Upon information and belief, and during the course of Plaintiff's employment and while Defendants employed Plaintiff, Defendants failed to keep full and accurate records of Plaintiff's hours and wages in order to avoid liability for violation of the FLSA and New Jersey law. 29 U.S.C.A. §211(c); N.J.S.A. §34:11-4.6.

53. Defendants knowingly, intentionally, and willfully committed the acts recited herein.

54. Defendants knew or should have known that the failure to provide overtime pay would financially injure Plaintiff.

55. Alternatively, records, if any, concerning the number of hours worked by Plaintiff

and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Second Amended Complaint to set forth the precise amount due.

56. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for his hours worked in excess of forth (40) hours per week when Defendants knew or should have known such was due.

57. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate their workers the minimum wage for hours worked when Defendants knew or should have known such was due.

58. Since Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

59. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

60. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable, consisting primarily of unpaid overtime wages and unpaid minimum wages, plus an equal amount as liquidated damages.

61. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C.A. §216(b).

## COUNT II

### VIOLATION OF THE NEW JERSEY WAGE And HOUR LAW

62. Plaintiff re-states Paragraphs 1 through 63 of this Second Amended Complaint as if fully set forth herein.

63. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New Jersey Wage and Hour Law § 34:11-4.1.

64. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime pay at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek. 29 U.S.C.A. §206(a)(1); N.J.S.A. §34:11-56a4; N.J.A.C. §12:56-13.4; . N.J.A.C. §12:56-6.1.

65. Defendants willfully violated its workers' rights by failing to pay minimum wages in the lawful amount for hours worked.

66. Due to the Defendants' violation of the New Jersey Wage and Hour Law, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid minimum wages, damages for unreasonably delayed payments, reasonable attorney's fees, and costs and

disbursements of the action, pursuant to New Jersey Wage and Hour Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff YAU, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and/or the New Jersey Wage and Hour Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and/or the New Jersey Wage and Hour Law;

d. An award of unpaid minimum wages due under the FLSA and/or the New Jersey Wage and Hour Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C.A. §216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New Jersey Wage and Hour Law;

g. An award of prejudgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorney and expert fees; and

i. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

13

Dated: New York, New York
July 23, 2015

                           Respectfully submitted,

                           Law Offices of Stephen K. Seung
                           Attorneys for Plaintiff

By: \_\_\_/S/ Jonathan E. Glaser\_\_\_
      Jonathan E. Glaser, Esq.
      2 Mott Street, Suite 601
      New York, New York 10013
      (212) 732-0030 [L12F025]
      Skseungesq@yahoo.com

To:   Benjamin B. Xue, Esq.
       Xue & Associates, P.C.
       1001 Avenue of the America, 11th Floor
       New York, NY 10018
       (212) 219-2275

L12F025/Second Amended Complaint 072315