UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X

CHI-MING YAU,                                                          Case No.: 2:12-cv-06754-MCA-LDW

                                    Plaintiff,

                                                                       **AMENDED JOINT PRE-TRIAL
                                                                       ORDER**

-against-


HE CHENG RESTAURANT CORP., JIAN XIANG
TU, MAY BAO and "JOHN DOE" and "JANE DOE"
I to X,


                                    Defendants.
------------------------------------------------------------X



**Trial Counsel:**

Jonathan E. Glaser                                    Benjamin B. Xue
Stephen H. Marcus                                     Xue & Associates, P.C.
Law Offices of Stephen K. Seung                       1001 Avenue of the Americas, 11th Floor
2 Mott Street, Suite 601                              New York, NY 10018
New York, New York 10013                              (212) 219-2275
(212) 732-0030                                        (212) 219-2276

Attorneys for Plaintiff                               Attorneys for Defendants

**Basis of Subject Matter Jurisdiction:**

Plaintiff:

        This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.
In particular, this Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), which
permits employees to bring civil actions in courts of appropriate jurisdiction to recover damages
for employer's failure to pay the minimum wage and overtime wages. This court also has
supplemental jurisdiction over Plaintiff's state law claims to 28 U.S.C. § 1367.

Defendants:

        This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the
Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*., 29 U.S.C. §201, and 28 U.S.C. §§
1331 and 1337.

        .

**Pending Contemplated Motions** (Set forth all pending or contemplated motions, whether dispositive or addressed to discovery or the calendar. Also set forth the nature of the motion. If the Court indicated that it would rule on any matter at pretrial, summarize that matter each party's contemplated in limine motion should be set forth.)

Per Judge Wettre, the parties shall file motion in limine by January 14, 2016 and shall file

opposition, if any, by January 19, 2016.

Plaintiff:

> Plaintiff's motion in limine to preclude evidence relating to Plaintiff's invoking Fifth Amendment regarding tax reporting obligations. Plaintiff will seek to preclude evidence relating to Plaintiff's tax reporting obligations.   Plaintiff will seek to preclude evidence relating to Plaintiff's regarding Medicaid applicator and unemployment insurance. Plaintiff will seek to preclude evidence relating to Plaintiff's Medicaid application and unemployment insurance application.
> Plaintiff's motion in limine

Defendants:

> A. Defendants' motion in limine to preclude Plaintiff from offering damages calculations as an exhibit.
>
> * The parties have entered into stipulation attached hereto regarding Plaintiff's prior unrelated claims and prior motion to disqualify Defendant's counsel that was denied by the Court.

**Jury or Bench Trial:**

The parties agree that the case is to be tried with a jury and that approximately three days will be needed for trial.

**Trial by Magistrate Judge:**

Not all of the parties have consented to trial of the case by a Magistrate Judge.

**Stipulations and/or Agreed Statements of Fact or Law:** (Set forth in numbered paragraphs all uncontested facts, including all answer to interrogatories and admission to which the parties agree).

> 1. He Cheng Restaurant Corp., is a New Jersey corporation doing business at 526 Washington Street, Hoboken, New Jersey 07030.

2

2.  Defendant He Cheng Restaurant Corp. operates a Japanese hibachi restaurant, under the name "Ayame Hibachi & Sushi Restaurant."

3.  This restaurant is open for business Mondays through Sundays.

4.  Plaintiff was hired by Defendant He Cheng Restaurant Corp. to work for six days a week for a weekly salary/wage at Ayame Hibachi & Sushi Restaurant.

5.  Plaintiff had one day off per week.

6.   Defendant Jian Tu is the owner and sole shareholder of Defendant He Cheng Restaurant Corp.

**Contested Facts** (Proofs shall be limited at trial to the contesedt facts set forth. Failure to set forth any contested facts shall be deemed a waiver thereof.)

Plaintiff:

1.  Defendant Jian Tu, is a manager, shareholder, and owner of Defendant Ayame Restaurant.

2.  During the time of Plaintiff's employment at Ayame Restaurant, Defendant Jian Tu had power over personnel decisions at the Restaurant including, but not limited to, the power to hire and fire employees, establish employees' work schedules, establish and pay employees' wages, and maintain employment records, and therefore qualifies as an employer within the meaning of the FLSA and New Jersey law.

3.  During the time of Plaintiff's employment at Ayame Restaurant, Mr. Tu's wife, Defendant May Bao, also had power over personnel decisions at the Restaurant including, but not limited to, the power to hire and fire employees, establish employees' work schedules, establish and change employees' wages, and maintain employment records pursuant to the FLSA and New Jersey Law.

4.  From about Tuesday through Sunday, Plaintiff would leave home at 10:15 and drive Defendants' company car to Ayame picking up co-workers on the way to Ayame. He arrived at Ayame at about 11:30 a.m. and worked from about 11:45 a.m. to about 11:30 pm. Thereafter, Plaintiff generally drove back to Queens, New York at about 11:45 p.m and he finished the day at 12:30 a,m, when he dropped off a colleague

5.  Plaintiff ate his dinner meals at Ayame Restaurant. Plaintiff generally had about 10-15 minutes to eat his dinner meal in each work day but still needed to be available for customers.

6.  Defendants failed to pay Plaintiff overtime wages required by law.

7. Defendants did not keep any written record of Plaintiff's hours.

8. Defendants did not keep any written record of the wages which it paid to Plaintiff.

9. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employees' rights to receive the minimum wage and overtime pay as required under the FLSA and New Jersey law.

10. Plaintiff did not have the authority to hire and fire employee.

11. Plaintiff only hired and fired employees at the request of defendant    May Bao.

12. May Bao and Jian Tu interview all of the employees hired by defendants.

13. All major decisions were made by May Bao regarding the running of the Ayame.

14. May Bao come to the restaurant almost every day.

15. Jian Tu came to the restaurant almost every day.

16. May Bao was the manager of the restaurant and supervised employees.

17. Plaintiff did not hire or fire employees, supervise employees, schedule employees, or make major decisions..

18. Plaintiff only carried out the orders of defendants who decided who to hire or fire.
19. Cameras were installed in the restaurant which enabled    defendant Tu to supervise the employees from a remote location

20. Plaintiff's duties at the restaurant were to show customers to the table, help waiters when the restaurant was busy, take orders from the phone and pack up food.

21. Plaintiff was in actuality a maitre di and not a manager.

Defendants:

1. While Plaintiff was employed as the manager at Ayame Hibachi & Sushi Restaurant, Plaintiff regularly had a break of at least one hour during his workday.

2. Plaintiff interviewed and hired individuals to work at Ayame Hibachi & Sushi Restaurant while Plaintiff was employed as the manager at Ayame Hibachi & Sushi Restaurant.

3. Plaintiff fired employees while Plaintiff was employed as the manager at Ayame Hibachi & Sushi Restaurant.

4.  Plaintiff set employee schedules while Plaintiff was employed as the manager at Ayame Hibachi & Sushi Restaurant.

5.  Plaintiff ordered supplies for Ayame Hibachi & Sushi Restaurant and would sign off on bills and invoices while Plaintiff was employed as the manager at Ayame Hibachi & Sushi Restaurant.

6.  Plaintiff asked Defendant Jian Tu to pay him his salary for his employment as the manager at Ayame Hibachi & Sushi Restaurant partially in cash and partially by check so that Plaintiff could apply for Medicaid.

7.  Defendant May Bao never ordered supplies for Ayame Hibachi & Sushi Restaurant.

8.  Defendant May Bao never signed off on any deliveries for Ayame Hibachi & Sushi Restaurant.

9.  Defendant May Bao never spoke to any employment agency in order to obtain employees for Ayame Hibachi & Sushi Restaurant.

10. Defendant May Bao never hired any employees to work at or fired any employees from Ayame Hibachi and Sushi Restaurant.

11. Defendant May Bao never disciplined any employees of Ayame Hibachi & Sushi Restaurant.

12. Defendant May Bao never set any employee schedules at Ayame Hibachi & Sushi Restaurant.

13. Defendant May Bao never determined the hourly pay rates of any employees of Ayame Hibachi & Sushi Restaurant.

14. Defendant May Bao never determined the pay of any managers of Ayame Hibachi & Sushi Restaurant.

15. Defendant May Bao never placed any newspaper ads in connection with Ayame Hibachi & Sushi Restaurant.

16. Defendant May Bao never gave Plaintiff any instructions about how to manage Ayame Hibachi & Sushi Restaurant.

17. Defendant May Bao never requested or ordered Plaintiff to hire or fire any employees of Ayame Hibachi & Sushi Restaurant.

5

**Witnesses Expected to be Called in Parties' Case-in-Chief:** (Aside from those called for impeachment purpose, only the fact witnesses set forth by name and address may testify at trial. No summary of testimony is necessary.)

Plaintiff**:**

1. Plaintiff Chi Ming Yau, c/o Stephen K. Seung, Esq. 2 Mott Street, Suite 601, New York, NY 10013.

2. Defendant May Bao, c/o Benjamin Xue, Esq, 1001 Avenue of the Americas, 11th Floor, New York, NY 10018.

3. Defendant Jian Tu, c/o Benjamin Xue, Esq, 1001 Avenue of the Americas, 11th Floor, New York, NY 10018.

4. Records Custodian, Ayame.


Defendants:

1. Defendant Jian Tu, c/o Xue & Associates, P.C., 1001 Avenue of the Americas, 11th Floor, New York, New York 10018.

2. Defendant May Bao, c/o Xue & Associates, P.C., 1001 Avenue of the Americas, 11th Floor, New York, New York 10018.

3. Plaintiff Chi-Ming Yau, c/o Law Offices of Stephen K. Seung, 2 Mott Street, Suite 601, New York, New York 10013.

4. Qing Chi Cai, c/o Xue & Associates, P.C., 1001 Avenue of the Americas, 11th Floor, New York, New York 10018.

5. Tian Le Chen, c/o Xue & Associates, P.C., 1001 Avenue of the Americas, 11th Floor, New York, New York 10018.

**Single List of Legal Issues** (All issues shall be set forth below. The parties need not agree on any issue. Any issue not listed shall be deemed waived.)

1. Whether Plaintiff was exempt from overtime requirements as a bona fide executive and/or administrative employee under 29 U.S.C. §213, 29 C.F.R. §541, N.J.A.C. 12:56-7.1, and N.J.A.C. 12:56-7.2.

2. Whether Defendants He Cheng Restaurant Corp, Bao, and Tu should be considered Plaintiff's employer under the FLSA and New Jersey Wage and Hour Law, 29 U.S.C § 203; N.J.S.A. 34:11-4.1.

3. Whether Plaintiff should have been paid overtime.

4. Whether Defendants willfully failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employees' rights to receive the minimum wage and overtime pay as required under the FLSA and New Jersey law.

5. Whether Defendants failed to keep full and accurate records of Plaintiff's hours and wages in order to avoid liability in violation of the FLSA and New Jersey law. 29 U.S.C. 211(c); N.J.S.A. 34:11-4.6.

6. Whether Defendants knowingly, intentionally and willfully violated the wage laws.

7. Whether Defendants acted in good faith belief that their actions did not violate the wage laws.

8. Whether Defendants violated federal and state minimum wage and overtime laws by not paying Plaintiff's base wage or overtime pay during his employment at Ayame Restaurant.

9. Whether Plaintiff is entitled to an additional equal amount of the wages owed as liquidated damages because of Defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. 216(b).

10. Whether Plaintiff is entitled to compensatory damages.

11. Whether Plaintiff is entitled to liquidated damages.

12. Whether either party is entitled to attorney's fees and costs.

13. The amount of attorney's fees and costs to be awarded to the party, to be decided by the Court (not the jury).

14. Whether Defendants May Bao and Jian Tu were employers of plaintiff, whether or not they acted as any employer of plaintiff and whether they should be deemed an employer under the FLSA or state minimum wage statutes.

15. Whether defendants acted reasonably and in good faith under the applicable federal and state statutes, towards plaintiff.

16. Whether defendants are in full compliance with the applicable provisions of the federal and state statutes.

17. Whether Bao or Tu supervised the employees and directed plaintiff on how to run the restaurant and who to hire and fire.

18. Whether any of the claims are barred, in whole or in part, by the applicable statutes of limitations.

19. Whether Defendants acted reasonably and in good faith towards Plaintiff under the applicable federal and state statutes, regulations, orders, rulings, guidance, and interpretations.

20. Whether Defendants are entitled to an offset on the basis of any monies or benefits received by Plaintiff, including without limitation any monies or benefits received by Plaintiff from the New York State, New Jersey, or Federal Governments or any other entity.

21. Whether Plaintiff is entitled to obtain pre-judgment or post-judgment interest on any of his claims.

**<u>Exhibits:</u>**

<u>Plaintiff</u> (Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list attached hereto may be introduced at trial. Any objection to an exhibit, and the reason for said objection, must be set forth below or it shall be deemed waived.

    A. Plaintiff intends to introduce into evidence the exhibits listed on the attached exhibit list (list by number with a description of each):

<u>Defendants</u> (See instructions above)

<u>Objections to Plaintiff's Exhibits</u>

      Defendants object to the calculation summary of damages (Plaintiff's Exhibit 11) on the grounds of relevance and hearsay.   It will be the subject of Defendant's motion in limine. Defendants reserve all evidentiary objections to Plaintiff's other exhibits.

<u>Defendants' Exhibit List:</u>

<u>Objections to Defendants' Exhibits</u>
      Plaintiff   will object at trial   to the following of defendants' exhibits on the grounds of lack of foundation: A, B, C H, I J, K, L, M, N,, O and P.

    a)   To be marked as Defendants' <u>Exhibit A</u>:    Postcard from Fancy Food Show Magazine
                                         Addressed to Tom Yau, Manager

b)  To be marked as Defendants' <u>Exhibit B</u>:    Letter from Pacific East Co. dated September 20, 2011 Addressed to Tom Yau

c)  To be marked as Defendants' <u>Exhibit C</u>:    Renewal Notice from Restaurant Hospitality Magazine Addressed to Tom Yau, Manager

d)  To be marked as Defendants' <u>Exhibit D</u>:    Schedule for Ayame Restaurant from July 2011

e)  To be marked as Defendants' <u>Exhibit E</u>:    Schedule for Ayame Restaurant from August 2011

f)  To be marked as Defendants' <u>Exhibit F</u>:    Schedule for Ayame Restaurant from October 2011

g)  To be marked as Defendants' <u>Exhibit G</u>:    Schedule for Ayame Restaurant from January 2012

h)  To be marked as Defendants' <u>Exhibit H</u>:    Article from The Hoboken Reporter about Ayame Restaurant

i)  To be marked as Defendants' <u>Exhibit I</u>:    Invoice from Showa Marine Inc. dated March 13, 2012

j)  To be marked as Defendants' <u>Exhibit J</u>:    Invoice from JFC International Inc. dated March 22, 2012

k)  To be marked as Defendants' <u>Exhibit K</u>:    Invoice from Ocean Frost Corporation dated May 9, 2012

l)  To be marked as Defendants' <u>Exhibit L</u>:    Invoice from Ocean Frost Corporation dated December 16, 2011

m)  To be marked as Defendants' <u>Exhibit M</u>:    Additional invoice from JFC International Inc. dated March 22, 2012

n)  To be marked as Defendants' <u>Exhibit N</u>:    Fire System Inspection Report dated March 22, 2012

o)  To be marked as Defendants' <u>Exhibit O</u>:    Invoice from Sanford Printing, Inc. dated February 13, 2012

p)  To be marked as Defendants' <u>Exhibit P</u>:    Invoice from linen company dated March 20, 2012

q)  To be marked as Defendants' <u>Exhibit Q</u>:    Pay records for Chi-Ming (Tom) Yau

r)  To be marked as Defendants' <u>Exhibit R</u>:    Checks issued by He Cheng Restaurant Corp. to Chi-Ming Yau

s)  To be marked as Defendants' <u>Exhibit S</u>:    Plaintiff's Initial Disclosure

t)  To be marked as Defendants' <u>Exhibit T</u>:    Plaintiff's Response and Objections to Defendants' First Set of Interrogatories

u)  To be marked as Defendants' <u>Exhibit U</u>:    Letter from Brendan W. Nolan, Esq. to Thomas H.C. Kung, Esq. dated November 5, 2013

v)  To be marked as Defendants' <u>Exhibit V</u>:    Letter from Thomas H.C. Kung, Esq. to Brendan W. Nolan, Esq. dated May 10, 2013

w)  To be marked as Defendants' <u>Exhibit W</u>:    Letter from Thomas H.C. Kung, Esq. to Brendan W. Nolan, Esq. dated October 10, 2013

x)  To be marked as Defendants' <u>Exhibit X</u>:    Deposition transcripts excepts of Plaintiff

Dated: January 15, 2016

   /s/Jonathan E. Glaser_____                   /s/ Benjamin B. Xue_____
JONATHAN E. GLASER                                  BENJAMIN B. XUE

10