UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X
CHI-MING YAU,                                    Case No.: 2:12-CV-06754 (MCA/LDW)

                            Plaintiff,                 Civil Action
     -against-

HE CHENG RESTAURANT CORP.,
JIAN XIANG TU, MAY BAO and
"JOHN DOE" and "JANE DOE" I to X,

                            Defendants.
-----------------------------------------------------------X

## PLAINTIFF'S TRIAL BRIEF

### PRELIMINARY STATEMENT

Plaintiff Chi-Ming Yau commenced this action against his former employers, He Cheng Restaurant Corp., Jian Tu and May Bao for unpaid overtime wages. Defendant violated 29 USCA Section 206(a)1 of the Fair Labor Standards Act (FLSA) and Section 34:11 56 (a) 4 of the New Jersey Wage and Hour Law (NJWHL). Defendants claim that Yau is not entitled to overtime because as a manager he was an exempt employee. However, it will be shown that plaintiff was a manager in name only. Yau, in reality, was a head waiter or a maître d'. He was not an exempt employee.

## **FACTS**

Plaintiff Yau is a former employee of defendant He Cheng Restaurant Corp. (doing business as Ayame Hibachi & Sushi Restaurant, in Hoboken, New Jersey) and the defendant restaurant's officer and principals, Jian Xian Tu ("Tu") and May Bao ("Bao"). Tu is the owner of the corporate defendant. Plaintiff was hired by Bao, Yao's supervisor. During the plaintiff's period of employment, Bao was present nearly every day to oversee the restaurant's operation. Although Yau was given the title of manager, all decisions for the restaurant were made by Bao who then directed Yau to carry them out. For example, Bao directed plaintiff on who to hire or fire, and to schedule employees' work weeks. Plaintiff was employed by defendants in effect as a head waiter or a maître d' from approximately May 6, 2011 to May 28, 2012.

During that period plaintiff would answer telephone calls from customers escort customers to the tables, pack up food for delivery, operate the cash register, make deliveries, also serve dishes to aid waiters, and bussed tables. Plaintiff worked ten or more hours each day, six days a week, over 70 hours per week. Plaintiff did not receive time and a half pay for his overtime hours. Defendants failed to display notices of employee rights concerning minimum wage and overtime pay as required by law. Similarly, defendants failed to keep full and accurate records of plaintiff's hours worked and wages paid to avoid liability under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and the New Jersey Wage and Hour Law. ("NJWH") N.J.S.A. § 34:11-56a, *et seq.*

## POINT I

## THE BURDEN IS ON THE DEFENDANT TO PROVE THAT PLAINTIFF IS EXEMPT FROM THE FLSA

It is defendants' burden of proof to demonstrate that Yau comes under one of the FLSA exemptions. Madison v. Resources for Human Des. Inc. 233 F3d 175 (3d Cir. 2000). Moreover, "[b]ecause the FLSA is a remedial statute, FLSA exemptions are narrowly construed against the employer" Goldman v. Radio Shack Corp., 2006 WL 336020, (EDPA, 2006). As will be discussed below defendants will fail to meet their burden that Yau falls under either the executive or administrative exemption. Accordingly Yau is entitled to the overtime wages that he did not receive.

### A

### DEFENDANTS WILL FAIL TO PROVE THAT YAU MET ALL FOUR ELEMENTS NECESSARY TO ESTABLISH THE EXECUTIVE EXEMPTION

In order to establish that an employee falls under the executive exemption all of the following four elements must be proven as to the employee:

(1) that he is compensated on a salary basis at a rate of not less than $455 per week … exclusive of board, lodging or other facilities;

(2) that his whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department of subdivision thereof;

(3) that he who customarily and regularly directs the work of two or more other employees; and

3

> (4) that he who has the authority for hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.
>
> 29 C.F.R. § 541.100 (2005)

See <u>Davis v. Mountain Farms, Inc.</u>, 453 F3d 554 (3d Cir 2006). In reality, Mr. Yau acted as a head waiter or maître d' and not a manager. He escorted customer to tables, packed up food and cleaned, and operated the register. Defendants managed the restaurant not Yau. Plaintiff is not an exempt employee under the FLSA. Cf. <u>Arencibia v. 2401 Restaurant Corp.</u>, 831 F. Supp 2d 164 (DC 2011). Nor does he meet the third criteria which is to direct the work of two or more other employees. He does not direct the sushi chefs, waiters or kitchen staff.

Finally, Yau does not meet the fourth criteria which is to hire and fire employees. <u>See Davis supra.</u> The only time Yau ever "hired" or "fired" someone, he was following the direction of defendant Bao. If defendant fails to establish even one of the four elements the exemption does not apply. See <u>Davis</u> <u>supra.</u> In the instant case defendant will fail to establish three of the four required elements.

**B**

### DEFENDANTS WILL FAIL TO PROVE THAT YAU MEETS THE ELEMENTS NECESSARY TO ESTABLISH THE ADMINSTRATIVE EXEMPTION

In order to establish the administrative exemption, defendants must show the following three element that Yau:

(1) was compensated on a salary basis that at not less than $455.45 per week; and

(2) primary duty was the performance of office or non-manual work directly related to the management or general business operations of defendant or defendant's customers; and

(3) primary duty included the exercise of discretion and independent judgment with respect to matters of significance. 29 CFR Section 541.2; <u>Smith v. Johnson & Johnson,</u> 593 F.3d 280 (3d Cir. 2009).

The term "primary duty" means the principal, main, major or most important duty that plaintiff performs.

In the instant case Yau does not meet the secondcriteria of the administrative exemption in that he does manual labor and does not manage the restaurant. Similarly Yau, does not meet the third criteria of the administrative exemption in that he was given by defendants little discretion or the authority to exercise independent judgment regarding the running of the restaurant. <u>See, Smith supra</u>

## CONCLUSION

For the foregoing reasons, plaintiff, Yau is not an exempted employee and is entitled to overtime wages.

Dated: New York, NY
January 19, 2016

Respectfully submitted,

LAW OFFICES OF STEPHEN K. SEUNG

By: *[signature]*

Jonathan E. Glaser, Esq.
2 MOTT STREET, SUITE 601
NEW YORK, NY 10013
(212) 732-0030

5