UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------X
CHI-MING YAU,

                            Plaintiff,                      Case No.: 2:12-cv-06754-MCA-LDW

-against-                                        **PROPOSED JURY INSTRUCTIONS**

HE CHENG RESTAURANT CORP., JIAN XIANG
TU, MAY BAO and "JOHN DOE" and "JANE
DOE" I to X,

                          Defendants.
-------------------------------------------------------------X

**FLSA JURY CHARGES**

**Function of Court and Jury**

After the summations, I will instruct you on the rules of law applicable to the case and you will then retire for your deliberations. Your function as jurors is to decide what has or has not been proved and apply the rules of law that I give you to the facts as you find them to be. The decision you reach will be your verdict. Your decision will be based on the testimony that you hear and the exhibits that will be received in evidence during the trial. You are the sole and exclusive judges of the facts and nothing I say or do should be taken by you as any indication of my opinion as to the facts. As to the facts, neither I nor anyone else may invade your province. I will preside impartially and not express any opinion concerning the facts. Any opinions of mine on the facts would, in any event, be totally irrelevant because the facts are for you to decide. On the other hand, and with equal emphasis, I instruct you that in accordance with the oath you took as jurors you are required to accept the rules of law that I give you whether you agree with them or not. You are not to ask anyone else about the law

1

### General Instruction—Circumstantial Evidence

Facts must be proved by evidence. Evidence includes the testimony of a witness concerning what the witness saw, heard or did. Evidence also includes writings, photographs, or other physical objects which may be considered as proof of a fact. Evidence can be either direct or circumstantial. Facts may be proved either by direct or circumstantial evidence or by a combination of both. You may give circumstantial evidence less weight, more weight, or the same weight as direct evidence.

Direct evidence is evidence of what a witness saw, heard, or did which, if believed by you, proves a fact. For example, let us suppose that a fact in dispute is whether I knocked over this water glass near the witness chair. If someone testifies that he saw me knock over the glass, that is direct evidence that I knocked over the glass.

Circumstantial evidence is evidence of a fact which does not directly prove a fact in dispute but which permits a reasonable inference or conclusion that the fact exists. For example, a witness testifies that he saw this water glass on the bench. The witness states that, while he was looking the other way, he heard the breaking of glass, looked up, and saw me wiping water from my clothes and from the papers on the bench. This testimony is not direct evidence that I knocked over the glass; it is circumstantial evidence from which you could reasonably infer that I knocked over the glass.

Those facts which form the basis of an inference must be proved and the inference to be drawn must be one that may be reasonably drawn. In the example, even though the witness did not see me knock over the glass, if you believe his, testimony, you could conclude that I did. Therefore, the circumstantial evidence, if accepted by you, allows you to conclude that the fact in dispute has been proved.

In reaching your conclusion you may not guess or speculate. Suppose, for example, the witness testifies that the water glass was located equally distant from the court clerk and me. The witness states that he heard the breaking of glass and looked up to see both the court clerk and me brushing water from our clothes. If you believe that testimony, you still could not decide on that evidence alone who knocked over the water glass. Where these are the only proved facts, it would be only a guess as to who did it. But, if the witness also testifies that he heard the court clerk say "I am sorry," this additional evidence would allow you to decide who knocked over the water glass.

### Weighing Testimony

The law does not, however, require you to accept all of the evidence I shall admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness' recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you decide for yourselves the reliability or unreliability of things people tell you. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives testimony on the stand, the opportunity that the witness had to observe the facts about which he or she testifies, the probability or improbability of the witness' testimony when considered in the light of all of the other evidence in the case, are all items to be

considered by you in deciding how much weight, if any, you will give to that witness' testimony. If it appears that there is a conflict in the evidence, you will have to consider whether the apparent conflict can be reconciled by fitting the different versions together. If, however, that is not possible, you will have to decided which of the conflicting versions you will accept.

**Exclude Sympathy**

In reaching your verdict you are not to be affected by sympathy for any of the parties, what the reaction of the parties or of the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom. You should consider only the evidence—both the testimony and the exhibits—find the facts from what you consider to be the believable evidence, and apply the law as I now give it to you. Your verdict will be determined by the conclusion you reach, no matter whom the verdict helps or hurts.

**FLSA - EXECUTIVE EMPLOYEE EXEMPTION**

1. You must find that plaintiff was an exempt employee under the executive employee exemption if defendants have proved each of the following four elements:

First, plaintiff was compensated on a salary basis as defined in Instruction No. ___ at a rate of not less than $455 per week; and

Second, plaintiff's principal, main, major, or most important duty was management of the enterprise in which plaintiff was employed or of a customarily recognized department or subdivision of the enterprise in which plaintiff was employed; and

Third, plaintiff customarily and regularly directed the work of two or more other employees; and

Fourth, plaintiff either had the authority to hire or fire other employees, or plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or other change of status of other employees were given particular weight.

"Management" duties include, among other things, activities such as interviewing, selecting, and training of employees, setting and adjusting employees' hours of work, directing the work of employees, appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status, disciplining employees, planning the work, determining the techniques to be used, apportioning work among employees, and determining the type of materials, supplies, machinery, equipment, or tools to be used or merchandise to be bought, stocked, or sold.

The phrase "customarily and regularly" means a frequency that is greater than occasional, but which may be less than constant. Work performed customarily and regularly includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks.

If you find that plaintiff was an exempt employee, you should render judgment in favor of defendants.

The standard for the executive employee exemption is the same under the New Jersey Wage and Hour Law as it is under the FLSA.

### FLSA - ADMINISTRATIVE EMPLOYEE EXEMPTION

2. You must find that plaintiff was an exempt employee under the administrative employee exemption if defendants have proved each of the following three elements:

First, plaintiff was compensated on a salary basis as defined in Instruction No. __ at a rate

not less than $455 per week; and

Second, plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of defendant or defendant's customers; and

Third, plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

Work directly related to management or general business operations includes, but is not limited to, work in areas such as purchasing, procurement, personnel management, labor relations, and similar activities.

The term "primary duty" means the principal, main, major or most important duty that plaintiff performs.

Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes, or resolving grievances.

Defendants have the burden of proving by a preponderance of the evidence that plaintiff is an exempt employee under the administrative employee exemption.

The standard for the administrative employee exemption is the same under the New Jersey Wage and Hour Law as it is under the FLSA.

If you find that plaintiff was an exempt employee, you should render judgment in favor

of defendants.

For all issues, the standard under the FLSA is identical to the standard under the New Jersey Wage and Hour Law.

### FLSA – EMPLOYER

3. Only if you find that plaintiff was a non-exempt employee do you need to determine who was plaintiff's employer. If you find that plaintiff was an exempt employee, you should render judgment in favor of defendants.

4. No single factor determines whether a defendant is an employee's employer. When determining whether a particular individual qualifies as an employer, the overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the economic reality presented by the facts of the case. Relevant factors that may be considered include whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. No one of the four factors standing alone is dispositive. Instead, the economic reality test encompasses the totality of the circumstances, no one of which is exclusive.

5. Plaintiff has the burden of proving by a preponderance of the evidence that each of defendant Jian Tu and defendant May Bao was his employer.

6. Only if you find that plaintiff was a non-exempt employee may you return a verdict for plaintiff. In such event, your verdict must be for plaintiff and against defendants on plaintiff's FLSA claim only if all the following elements have been proved:

First, plaintiff was employed by defendants on or after May 1, 2011,

Second, in plaintiff's work for defendants, plaintiff was employed by an enterprise engaged in commerce or the production of goods for commerce; and

Third, because plaintiff is not exempt, defendants failed to pay plaintiff overtime pay for all hours worked by plaintiff in excess of 40 in one or more workweeks.

[A person or enterprise is considered to have been "engaged in the production of goods" if the person or enterprise produced, manufactured, mined, handled, transported, or in any other manner worked on such goods or worked in any closely related process or occupation directly essential to the production of the goods.]

Defendants have already stipulated that when plaintiff worked for defendants, plaintiff engaged in commerce.

### FLSA - DETERMINING HOURS WORKED

7. If you find that plaintiff was an exempt employee, you should render judgment in favor of defendants. Only if you find that plaintiff was a non-exempt employee must you determine the number of hours worked by plaintiff. In such event, you must determine the number of hours worked by the plaintiff based on all of the evidence. The defendant is legally required to maintain accurate records of its employees' hours worked. However, in an FLSA action, a plaintiff has the burden of proving that he performed work for which he was not properly compensated. If you find that the defendants failed to maintain records of the plaintiff's hours worked or that the records kept by the defendants are inaccurate, you must find that the plaintiff's evidence showed the number of hours that he worked as a matter of just and reasonable inference and that the plaintiff has established his hours worked with reasonable certainty in order to find that the plaintiff has satisfied his burden of proof. If you find that the defendants have either put forward evidence of the precise amount of work performed by the

plaintiff or evidence that negates the reasonableness of the inference to be drawn from the plaintiff's evidence, you must find in favor of the defendants with regards to the plaintiff's hours worked.

### FLSA - OVERTIME COMPENSATION

8. Only non-exempt employees are entitled to overtime compensation. If you find that plaintiff was an exempt employee, you should render judgment in favor of defendants. An employer must pay overtime compensation in any workweeks in which an employee has more than 40 "hours worked," as defined in Instruction No.___. Overtime compensation must be paid at a rate at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40.

9. An employee's "regular rate of pay" is determined by totaling all the compensation that should have been paid to the employee for the workweek, excluding any overtime premium pay and any pay for vacation, holiday, or illness, and then dividing that total by all of the employee's hours worked for that workweek. If the employee is employed solely at a single hourly rate, the hourly rate is his "regular rate of pay."

### FLSA - WORKWEEK DEFINITION

10. A "workweek" is a regularly recurring period of seven days or 168 hours, as designated by the employer. In this case, the parties have stipulated - that is, they have agreed - that the workweek was from Monday to Sunday.

### FLSA - SALARY BASIS

11. An employee is paid on a "salary basis" if the employee is regularly paid, on a

9

weekly or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, and the amount is not subject to reduction because of variations in the quality or quantity of the work performed. An employee is paid on a salary basis even if the employee's salary is subject to reduction for one or more of the following reasons: absence from work of the employee due to vacation, illness, or any other reason.

## Burden of Proof

12. To say that a party has the burden of proof on a particular issue means that considering all the evidence in the case, the party's claim on that issue must be established by a fair preponderance of the credible evidence. The credible evidence means the testimony or exhibits that you find worthy of belief. A preponderance means the greater part of the evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase preponderance of the evidence refers to the quality of the evidence, its weight and the effect that it has on your minds. In order for a party to prevail on an issue on which he or she has the burden of proof, the evidence that supports his or her claim on that issue must appeal to you as more nearly representing what happened than the evidence opposed to it. If it does not or if it weighs so evenly that you are unable to say that there is a preponderance on either side, you must decide the question against the party who has the burden of proof and in favor of the opposing party.

## FLSA – DAMAGES

13. Only if you find that plaintiff was a non-exempt employee do you have to determine whether plaintiff is entitled to any damages. However, if you find that plaintiff was an exempt employee, you should render judgment in favor of defendants.

14. If you find in favor of plaintiff under Instruction No. __ and you find against defendant under Instruction No. __, you must award plaintiff damages in the amount that plaintiff should have been paid in overtime compensation, less what defendant actually paid plaintiff.

15. The overtime compensation amount that should have been paid is the number of hours worked in excess of 40 hours in each workweek, times the regular rate for that workweek, times one and one-half, as set forth in Instruction No. __.

16. You must calculate this amount separately for plaintiff for each workweek.

17. In determining the amount of damages, you may not include or add to the damages any sum for the purpose of punishing defendant.

## FLSA - WILLFUL VIOLATION

18. Only if you find that plaintiff was a non-exempt employee do you have to determine whether defendant's failure to pay minimum wage and/or overtime was willful.  If you find in favor of plaintiff under Instruction No. __ [and you find against defendant under Instruction No. __], you must determine whether defendant's failure to pay [minimum wage and/or overtime] was willful. Defendant's failure to pay [minimum wage and/or overtime] was willful if it has been proved that defendant knew that its conduct was prohibited by the [federal] law regarding [minimum wage and/or overtime pay], or showed reckless disregard for whether its conduct was prohibited by the [federal] law regarding [minimum wage and/or overtime pay].  If you find that plaintiff was an exempt employee, you should render judgment in favor of defendants.